IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Reynaldo Oros-Oros,<br><br>    Defendant. | CR 04–01508-TUC-CKJ(HCE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion For Resolution Of Outstanding Release Revocation Proceedings (Doc. 27). For the reasons stated herein, the Magistrate Judge recommends that the District Court deny Defendant's Motion as premature and improvidently filed.

## I. PROCEDURAL BACKGROUND

Defendant was originally indicted in CR 04-01508-TUC-CKJ for Illegal Re-entry After Deportation, in violation of 8 U.S.C. §1326(a), with enhanced punishment under 8 U.S.C. §1326(b)(2). (Doc. 6). Defendant pleaded guilty to the offense on October 15, 2004. (Doc. 12). On February 16, 2005, the Court sentenced and ordered Defendant committed to the Bureau of Prisons for 41 months of incarceration, followed by 24 months of supervised release, which commenced on June 12, 2007. (Doc. 18). The Court was required to order "as an explicit condition of supervised release, that [he] not commit another Federal, State, or

local crime during the term of supervision ...." *See* 18 U.S.C. §3583(d).[1] Defendant was deported on August 18, 2007 through Hidalgo, Texas. (Doc. 23). Defendant was found in the United States without authorization on October 21, 2008 when he was arrested by immigration officials in the city of Kelso in the Western District of Washington. (*Id.*).

As a consequence of Defendant's arrest in the Western District of Washington, a Petition to Revoke Supervised Release from the District of Arizona-Tucson Division issued on May 1, 2009. (Doc. 23). An attendant warrant for Defendant's arrest also issued on May 4, 2009. (Doc. 24). As part of the Court's order for Defendant's arrest for violation of his supervised release, the Court ordered that "Defendant [is] to be held without bond pending an appearance before this court by CINDY K. JORGENSON, United States District Judge." (*Id.*). As of the date of this Report and Recommendation, the warrant for Defendant's arrest has not been executed, served and returned.[2]

The Defendant was indicted for Illegal Re-entry After Deportation, in violation of 8 U.S.C. §1326(a), with enhanced punishment under 8 U.S.C. §1326(b)(2), in the Western District of Washington in CR 09-05073-001-RBL. On June 19, 2009, the Honorable Ronald B. Leighton sentenced and ordered Defendant committed to the Bureau of Prisons for 42 months of incarceration.

**II. ANALYSIS**

Defendant seeks to expedite and resolve the pending Petition to Revoke Supervised Release filed in the instant case, urging the Court to consider sentencing factors pursuant to 18 U.S.C. §3553(a), to modify or reduce any disposition, or alternatively order that such disposition be imposed concurrent to the sentence being served in CR 09-05073-001-RBL

---

[1] Petition to Revoke Supervised Release, Allegation A: Violation of Standard Condition 1: You shall not commit another federal, state, or local crime during the term of supervision. (Doc. 23).

[2] It is anticipated that the arrest warrant will be served on Defendant upon discharge from imprisonment in CR 09-05073-001-RBL.

- 2 -

out of the Western District of Washington.[3] Defendant's Motion For Resolution Of Outstanding Supervised Release Revocation Proceedings (Doc. 23) is prematurely and improvidently filed:

> *A person held in custody for violating ... supervised release* must be taken without unnecessary delay before a magistrate....(B) If the person is held in custody in a district other than where an alleged violation occurred, the initial appearance must be in that district, or in an adjacent district if the appearance can occur more promptly there.

Fed.R.Crim.P. 32.1(a)(1)(B) (emphasis added). Defendant herein is not being held for having violated supervised release, but rather, is serving a sentence in a case unrelated to the instant case.

Once the District of Arizona warrant issued by this Court for Defendant's arrest is executed and served upon Defendant, wherever he may be incarcerated pursuant to Rule 4(c)(1) and (2) of the Federal Rules of Criminal Procedure, he will then have an initial appearance. Fed.R.Crim.P. 32.1(a)(1)(B). At the initial appearance Defendant will then be informed of the alleged violation of supervised release; the right to retained counsel or to request that counsel be appointed if Defendant cannot obtain counsel; and his right to a preliminary hearing. Fed.R.Crim.P. 32.1(a)(3) and (b)(1).

If the court conducting the preliminary hearing finds that there is probable cause to believe that a violation of supervised release occurred, Defendant will be ordered transferred to the district that has jurisdiction, i.e., the District of Arizona-Tucson Division. Fed.R.Crim.P. 32.1(a)(5)(B) and 32.1(b)(1)(C). Defendant may waive the preliminary hearing. Fed.R.Crim.P. 32.1(b)(1)(A). In either event, the court before whom Defendant appears will transfer Defendant to the District of Arizona-Tucson Division once the Government produces certified copies of the judgment, warrant and warrant application and the court finds that Defendant is the same individual named in the warrant. Fed.R.Crim.P. 32.1(a)(5)(B)(i) and (ii).

---

[3] Defendant is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.

- 3 -

Once Defendant is transferred to the District of Arizona, he will have an initial appearance at which time a revocation hearing will be set within a reasonable time. Fed.R.Crim.P. 32.1(b)(2). At the revocation hearing the Court, or Magistrate Judge if consented to by Defendant, must make a finding by a preponderance of the evidence that Defendant violated his conditions of supervised release. 18 U.S.C. §3583(e)(3); *see* 18 U.S.C. §3401(i).

If Defendant is found to have violated the conditions of supervised release by committing a Federal crime, i.e. Illegal Re-entry After Deportation in CR 09-0573-001-RBL in the Western District of Washington, he may then invoke the various factors outlined in 18 U.S.C. §3553(a) for purposes of his disposition in the instant case. Title 18 U.S.C. §3584(a) and (b) are inapplicable for they pertain to the imposition of concurrent or consecutive *sentences*, not revocation of supervised release *dispositions*. Furthermore, the United States Sentencing Commission has promulgated the *guidelines or general policy statements* regarding the appropriate use of the provisions for modification of supervised release under 18 U.S.C. §3583(e). *See* 28 U.S.C. §994(a)(3). Consequently, the Introductory Commentary to Part B of Chapter 7 states that "[i]t is the *policy of the Commission* that the sanction imposed upon revocation *is to be served consecutively* to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S. Sentencing Guidelines Manual, ch. 7, pt. B, introductory cmt. (2004-2010) (emphasis added); *see also* U.S.S.G. §7B1.3(f)(term of imprisonment imposed upon revocation of supervised release "*shall be ordered to be served consecutively* to any sentence of imprisonment that the defendant is serving ....") (emphasis added); *United States v. Kikuyama*, 150 F.3d 1210 (9th Cir. 1998).

### III. CONCLUSION

As outlined above, Defendant moves for relief in the instant case before he has gone through the procedural channels he must necessarily take in order to petition the Court for the relief he seeks. Defendant's Motion For Resolution Of Outstanding Supervised Release Revocation Proceedings (Doc. 27) is premature and improvidently filed.

## IV. RECOMMENDATION

For the foregoing reasons, pursuant to 28 U.S.C. §636(b)(1)(B), the Magistrate Judge recommends that the District Court deny Defendant's Motion For Resolution Of Outstanding Supervised Release Revocation Proceedings (Doc. 27).

Pursuant to 28 U.S.C. 636(C) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served a copy of this Report and Recommendation. If objections are filed, parties should use the following case number: **CR 04-01508-TUC-CKJ**.

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 17th day of November, 2010.

_____
Héctor C. Estrada
United States Magistrate Judge